FILED
Clerk
District Court

OCT 2 6 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

*******************************************************************************

CR- 05-00024-001                                    October 26, 2005
                                                    9:35 a.m.

**UNITED STATES OF AMERICA -v- STEVEN FAISAO ABAL**

PRESENT:   HON. ALEX R. MUNSON, Chief Judge Presiding
           SANAE SHMULL, Court Reporter
           K. LYNN LEMIEUX, Courtroom Deputy
           TIMOTHY MORAN, Assistant U. S. Attorney
           DANILO AGUILAR, Counsel for Defendant
           STEVEN FAISAO ABAL, Defendant

PROCEEDING:    SENTENCING

Defendant was present with his court appointed counsel, Attorney Danilo Aguilar. Government by Timothy Moran, AUSA. Also present was U.S. Probation Officer, Margarita Wonenberg.

Court adopted the presentence investigation report and instructed the Clerk to file the report, under seal, and that the report be made available if the judgment is appealed. The probation officer's recommendation shall also be placed under seal. No objection by the parties.

Government moved for a safety valve reduction in the guidelines due to substantial assistance; no objection by defense.. Court granted the motion. The Court stated that the total offense level was now found at **level 21**.

Government recommended that the defendant's sentence be reduced 50% due to his substantial assistance to the Government in the conviction of defendants Eric Mafnas and Carl Cabrera. Defense recommended a sentence of time served or a sentence of one year and one day incarceration and that for whatever time he has to serve be served on the island of Saipan.

Defendant made his allocution to the Court.

SENTENCE: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant **STEVEN FAISAO ABAL** is hereby sentenced to a term of imprisonment of twenty(20)months. While in prison, the defendant shall participate in a 500 hour drug treatment program as approved by the Bureau of Prisons. In addition, he shall participate in vocation and educational programs in include financial management.

Upon release from imprisonment, the defendant is ordered to serve a term of supervised release of five years, which shall include the following conditions:

1. The defendant shall not commit another federal, state, or local offense;

2. The defendant shall not unlawfully possess a controlled substance;

3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and up to as many as eight drug tests a month thereafter, as directed by the U.S. probation officer;

4. That the defendant shall be prohibited from possess a firearm or other dangerous weapon and shall not have such weapons at his residence;

5. The defendant shall submit to the collection of a DNA sample at the direction of the U.S. Probation Office;

6. The defendant shall comply with the standard conditions of supervised release as set forth by the U.S. Sentencing Commission and codified under 18 U.S.C. § 3583;

7. That the defendant shall participate in a treatment program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol;

8. That the defendant shall seek and maintain gainful employment;

9. That the defendant shall refrain from the use of poker machines or any form of gambling device;

10. The defendant shall complete 300 hours of community service under the direction of the U.S. Probation Office.

It was further ordered that the defendant pay a special assessment fee of $100 to be paid immediately after sentencing. Court acknowledged that the defendant had already paid his special assessment fee.

No objection to the sentence by the attorneys. Defendant was advised that he had 10 days in which to appeal his sentencing. Further, he was advised that if he cannot afford an attorney for the appeal the Court will appoint on for him.

Court denied the defendant's motion for the defendant to spend his incarceration in Saipan.

Defendant was remanded into the custody of the U.S. Marshal.

Adj. 10:10 a.m.

K. Lynn Lemieux, Courtroom Deputy