ROSSANNA VILLAGOMEZ-AGUON
Chief U.S. Probation Officer
GREGORY F. ARRIOLA
U.S. Probation Officer
U.S. District Court of NMI
4th Floor, Horguichi Bldg.
P.O. Box 502089
Saipan, MP 96950
Telephone: (670) 236-2983
Fax: (670) 236-2992

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 05-00024-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DECLARATION IN SUPPORT OF** |
| vs. | ) | **PETITION** |
| | ) | |
| STEVEN FAISAO ABAL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Re:   Violation of Supervised Release Conditions; Request for Summons**

I, U.S. Probation Officer Gregory F. Arriola, am assigned to supervise the Court-ordered conditions of supervised release for Steven Faisao Abal and, in this capacity, I declare as follows:

On October 26, 2005, Steven Faisao Abal was sentenced by Chief Judge Alex R. Munson for the offense of Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846. He was ordered to serve 20 months imprisonment followed by a five year term of supervised release. On January 8, 2007, Mr. Abal began serving his term of supervised release. On September 30, 2010, his supervised release was revoked due to the use of drugs. He was sentenced to two months imprisonment and ordered to serve a 58 month term of supervised release. On November

Declaration in Support of Petition
Abal, Steven
Page 2

17, 2010, Mr. Abal was released from custody. However, due to a delay in the Bureau of

Prisons preparation of imprisonment time, Mr. Abal was held two days longer than his

projected release date of November 15, 2010.

On February 20, 2008 an Informational Report was submitted to the Court after Mr.

Abal admitted to using methamphetamine. On July 7, 2010, his conditions were modified

to include 50 hours of community service after he admitted to stealing from his employer,

admitted to drug use, and failed to submit his monthly supervision report.

On March 10, 2011, Mr. Abal's supervised release was revoked for 9 months, with

two days credit time for served. He admitted to using drugs and failed to participate in the

treatment program. Upon his release from the Bureau of Prisons, he was ordered to serve

49 months of supervised release. His term of supervision commenced on December 10,

2011.

On February 3, 2012, an Informational Report was submitted to the Court after the

defendant admitted to using methamphetamine on two separate occasions.

On September 5, 2013, Mr. Abal's supervised release was revoked for 4 months

and 10 days, time already served, after he successfully completed inpatient treatment at

the Lighthouse Recovery Center. He was placed on supervised release for a term of 44

months. His term of supervision began on September 5, 2013.

On February 21, 2014, Mr. Abal's supervised release was again revoked for 9

months as a result of continued drug use. He was placed on supervised release for a term

of 35 months. His term of supervision began on November 21, 2014.

Mr. Abal is alleged to have committed the following violations under 18 U.S.C. §

3583:

Declaration in Support of Petition
Abal, Steven
Page 3

**Mandatory Condition**: *The defendant shall refrain from any unlawful use of a controlled substance.* On February 18, 2015, Mr. Abal tested presumptive positive for opiates after submitting to a drug test at the drug testing vendor site. When confronted with the results by the tester, he denied using any illegal substances. The specimen was sent to the laboratory for further testing. On February 19, 2015, he reported to the U.S. Probation Office and met with this Officer. When questioned about the test results from the previous day, Mr. Abal explained that prior to submitting to the UA test, he had taken Tylenol because he was experiencing flu-like symptoms. He provided the bottle containing the medication to this Officer and stated that he did not consume any illegal substances. On February 27, 2015, results returned from the laboratory indicated a positive result for morphine/codeine.

On March 5, 2015, Mr. Abal reported to the U.S. Probation Office for a noncompliance meeting. A copy of the laboratory report was provided to him. Mr. Abal maintained that he did not use any illegal substances and stated that he had only taken several Tylenol tablets prior to getting tested that day. This Officer informed him that the medication he consumed did not contain any opiates. However, Mr. Abal maintained that he did not use any illegal drugs. When reminded about a similar incident that occurred with him back in 2011, which involved him consuming his mother's Tylenol 3 medication, he stated that  he would not repeat this behavior because he knew that it was illegal to take medication prescribed to another person.

**Special Condition**: *The defendant shall refrain from the use of poker machines or any form of gambling device.* On February 25, 2015, this Officer received information from a

Declaration in Support of Petition
Abal, Steven
Page 4

source that Mr. Abal was playing video poker at an establishment located in Garapan. On February 26, 2015, Mr. Abal reported to the U.S. Probation Office for a noncompliance meeting. When confronted about the information received, he admitted that he had been gambling at the establishment. He further admitted that he had visited the establishment on more than one occasion to play video poker. He was reminded that he was prohibited from accessing poker machines or any form of gambling device.

**Supervision Compliance:** Mr. Abal submitted a DNA sample on May 16, 2006. He continues to attend his substance abuse treatment sessions.

**Recommendation:** This Probation Officer respectfully requests that the Court issue a Summons for Mr. Steven Faisao Abal to appear at a hearing scheduled by the Court, and during that hearing, he be held to answer or show cause why supervised release in this case should not be revoked pursuant to 18 U.S.C. § 3583 (e)(3).

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 8th day of April, 2015, at Garapan, Saipan, Northern Mariana Islands, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

ROSSANNA VILLAGOMEZ-AGUON
Chief U.S. Probation Officer

By: /s/ GREGORY F. ARRIOLA
U.S. Probation Officer

Reviewed by:



/s/ JOHN W. SAN NICOLAS II
U.S. Probation Officer Specialist