ROSSANNA VILLAGOMEZ-AGUON
Chief U.S. Probation Officer
GREGORY F. ARRIOLA
U.S. Probation Officer
U.S. District Court of NMI
4th Floor, Horguichi Bldg.
P.O. Box 502089
Saipan, MP 96950
Telephone: (670) 237-1250
Fax: (670) 237-1251

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 05-00024-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DECLARATION IN SUPPORT** |
| vs. | ) | **OF PETITION** |
| | ) | |
| STEVEN FAISAO ABAL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Re:    Violation of Supervised Release Conditions; Request for Summons**

I, U.S. Probation Officer Gregory F. Arriola, am assigned to supervise the Court-ordered conditions of supervised release for Steven Faisao Abal and, in this capacity, I declare as follows:

On October 26, 2005, Steven Faisao Abal was sentenced by Chief Judge Alex R. Munson for the offense of Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846.   He was ordered to serve 20 months imprisonment followed by a five year term of supervised release. On January 8, 2007, Mr.

Declaration in Support of Petition
ABAL, Steven Faisao
Page 2

Abal began serving his term of supervised release. On September 30, 2010, his supervised release was revoked due to the use of drugs. He was sentenced to two months imprisonment and ordered to serve a 58 month term of supervised release. On November 17, 2010, Mr. Abal was released from custody. However, due to a delay in the Bureau of Prisons preparation of imprisonment time, Mr. Abal was held two days longer than his projected release date of November 15, 2010.

On February 20, 2008 an Informational Report was submitted to the Court after Mr. Abal admitted to using methamphetamine. On July 7, 2010, his conditions were modified to include 50 hours of community service after he admitted to stealing from his employer, admitted to drug use, and failed to submit his monthly supervision report.

On March 10, 2011, Mr. Abal's supervised release was revoked for 9 months, with two days credit time for served. He admitted to using drugs and failed to participate in the treatment program. Upon his release from the Bureau of Prisons, he was ordered to serve 49 months of supervised release. His term of supervision commenced on December 10, 2011.

On February 3, 2012, an Informational Report was submitted to the Court after the defendant admitted to using methamphetamine on two separate occasions.

On September 5, 2013, Mr. Abal's supervised release was revoked for 4 months and 10 days, time already served, after he successfully completed inpatient treatment at

Declaration in Support of Petition
ABAL, Steven Faisao
Page 3

the Lighthouse Recovery Center. He was placed on supervised release for a term of 44 months. His term of supervision began on September 5, 2013.

On February 21, 2014, Mr. Abal's supervised release was again revoked for 9 months as a result of continued drug use. He was placed on supervised release for a term of 35 months. His term of supervision began on November 21, 2014.

On May 13, 2015, Mr. Abal's supervised release was revoked for 11 months by Senior Judge Alex R. Munson as a result of the defendant's admission to drug use and entering a poker establishment. He, however, deferred the defendant's sentence for two months provided that the defendant continue to abide with his Court ordered conditions and that he remain drug free. There is no supervision to follow his imprisonment.

Mr. Abal is alleged to have committed the following violations under 18 U.S.C. § 3583:

**Mandatory Condition**: *The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.* On May 21, 2015, this Officer, along with the assistance of Deputy U.S. Marshals John Vega and Samuel Sosa, conducted visit to Steven Abal's residence for the purpose of a monitoring and conducting a random drug test. Mr. Abal was unable to provide a urine sample for testing.  An inspection of his living quarters was conducted and while in his

Declaration in Support of Petition
ABAL, Steven Faisao
Page 4

bedroom, this Officer observed several plastic transparent bags containing a green leafy

substance laying on top of a dresser. When asked what were in the bags, Mr. Abal

replied, "That's not mine." When asked again, Mr. Abal replied "weed". He explained that

the bags were not his and belonged to his girlfriend's cousin. This Officer confiscated a

total of 20 bags of suspected marijuana. When asked if there were any marijuana plants

around the residence, he stated that there were, but they belonged to the "old man,"

referring the owner of the residence, George Duenas.

When informed of Mr. Abal's claims, Mr. Duenas confirmed that the bags belonged

to him. He explained that the marijuana plants were for his consumption because he

heard that smoking the drug was good for a medical condition which he currently suffers.

He stated that only sprouts were planted, but were no longer on his property because they

had either died or had been uprooted.  When informed about the bags found in Mr.Abal's

bedroom, he advised that the bags were also his.  He stated he had given them to Mr.

Abal to store in a safe location that was out of reach from the children in the household.

It is important to note however, that when the bags of marijuana were found, there was

a minor child sleeping in the room. Mr. Duenas advised that someone was supposed to

stop by his residence and pick up the bags.

This Officer informed him that Mr. Abal should not be in possession of any illegal

drugs because it was a violation of his conditions and against the law. He informed this

Declaration in Support of Petition
ABAL, Steven Faisao
Page 5

Officer that he thought that marijuana was no longer illegal, just like in Guam. He was informed that this information was incorrect.

This Officer contacted Drug Enforcement Agency Task Force Officer Ray Renguul and requested for his assistance at the residence. Officer Renguul arrived at the residence and conducted a field test on the substance contained in one of the bags through the use of NarcoPouch, a narcotic field testing kit. He confirmed that the substance contained in the bag tested positive for marijuana. He placed each of the 20 bags in a sealed bag as evidence.

On May 22, 2015, Mr. Abal reported to the U.S. Probation Office for a noncompliance meeting and drug test. Mr. Abal advised that the information that the "old man" had provided was accurate even after this Officer pointed out that he initially claimed that the bags belonged to his girlfriend's cousin. He acknowledged that he should not be in possession of any illegal drugs, including marijuana, and admitted that it was a bad decision on his part. He denied ownership of the bags or that he was selling them for profit. He submitted to a drug test and tested negative for the use of illegal drugs.

**Supervision Compliance:** Mr. Abal submitted a DNA sample on May 16, 2006. He continues to attend his substance abuse treatment sessions.

Declaration in Support of Petition
ABAL, Steven Faisao
Page 6

**Recommendation:** This Probation Officer respectfully requests that the Court issue a Summons for Mr. Steven Faisao Abal to appear at a hearing scheduled by the Court, and during that hearing, he be held to answer or show cause as to why the revocation of his term of supervised release should not be immediately imposed.

Based on Mr. Abal's continued violations, it does not appear that he is amenable to supervision. It is recommended that the 11 month imprisonment term, ordered by Senior Judge Alex R. Munson on May 13, 2015, be immediately imposed. By doing so, Mr. Abal would reach his maximum term of imprisonment imposed for the original offense. Therefore, it is respectfully requested that the Court modify the revocation sentence and not reimpose supervised release following his imprisonment term.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Declaration in Support of Petition
ABAL, Steven Faisao
Page 7

Executed this  2nd  day of June, 2015, at Garapan, Saipan, Northern Mariana

Islands, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

ROSSANNA VILLAGOMEZ-AGUON
Chief U.S. Probation Officer

By:

Reviewed by:

/s/ GREGORY F. ARRIOLA
U.S. Probation Officer

/s/ GRACE D. FLORES
Deputy Chief U.S. Probation Officer